NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted March 20, 2019
Decided March 26, 2019

Before

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

| | |
|---|---|
| No. 18-1870 | Appeal from the United States District Court for the Western District of Wisconsin. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | |
| *v.* | |
| MITREL Y. ANDERSON, *Defendant-Appellant.* | No. 0758 3:17CR00092-001 James D. Peterson, *Chief Judge.* |

**Order**

Mitrel Anderson pleaded guilty to possessing at least 50 grams of methamphetamine, with intent to distribute it. 21 U.S.C. §841(a)(1), (b)(1)(B)(viii). The district court sentenced him to 71 months' imprisonment (within the range recommended by the Sentencing Guidelines) plus four years' supervised release. Anderson filed a notice of appeal, but his appointed counsel has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

Counsel considers, and finds wanting, several possible appellate arguments. One of the possibilities would be a challenge to the district judge's requirement that Anderson

"[a]bstain from the use of alcohol" during his supervised release. We agree with counsel that a challenge to this basic requirement would be frivolous, but counsel does not consider whether one of the implementing conditions could be contested even if the underlying prohibition is proper.

The judge ordered Anderson "not [to] patronize any taverns, bars, liquor stores, nightclubs or other establishments where the primary item of sale is alcohol." Although in the district court Anderson did not object to this condition, so appellate review would be limited to a search for plain error. *United States v. Adkins*, 743 F.3d 176, 193–96 (7th Cir. 2014), holds that a similarly worded condition was indeed plain error. The condition in *Adkins* prohibited the defendant from "view[ing] or listen[ing] to any pornography or sexually stimulating material or sexually oriented material or patroniz[ing] locations where such material is available." We expressed concern that a broad reading of "patronize" and "available," plus a broad interpretation of "sexually stimulating" (does it include the cover of *Cosmopolitan* at a supermarket's checkout counter?), might prohibit a person on supervised release from participating in everyday activities, such as using public transportation or shopping for groceries.

The condition imposed on Anderson may present similar interpretive problems. Although the list of places where alcohol is served is smaller than the list of places where "sexually stimulating" material may be found, liquor is available at many restaurants and the lobbies of many theaters. A person could have considerable difficulty knowing when sales of alcoholic beverages are the "primary" items (does this mean the source of a majority of revenue or only more revenue than any other item?) and could be in doubt whether the condition forbids even entering such a place without buying anything, because the word "patronize" is undefined. Perhaps additional language protecting activities that the defendant reasonably believes consistent with the condition would alleviate the problems caused by uncertainty in application. Or the basic rule in the condition might be written to resolve difficulties such as majority-of-revenue versus other understandings of "primary".

The principal question is not whether vagueness in this condition violates the Constitution but whether the federal judiciary can do better when giving persons notice of what is required. Courts do not follow the approach that anything compatible with the Constitution is good enough. There is a non-frivolous argument that the Judicial Branch can do better than this condition, so we deny the motion to withdraw. Counsel should brief this issue, along with any other that she deems appropriate. A briefing schedule will be set by separate order.